**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID STEPHENS,                  :
                                 :   Civil Action No. 10-4105 (RBK)
          Plaintiff,             :
                                 :
     v.                          :   **OPINION**
                                 :
FEDERAL BUREAU OF PRISONS,       :
et al.,                          :
                                 :
          Defendants.            :

**APPEARANCES:**

Plaintiff pro se
David Stephens
39992-007
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**KUGLER**, District Judge

Plaintiff David Stephens, a prisoner confined at FCI Fairton, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states in his Complaint that he is a convicted and sentenced state prisoner who is currently being held in federal custody, but the Complaint does not appear to concern this current term of federal custody. He alleges that on December 18, 2007 he was sentenced to a three month term. He states that a clerical error was made causing his paperwork to reflect that he was to serve a six months instead of three. He filed a motion to amend the judgment which was granted on March 3, 2008. He alleges that Fairton prison officials ignored the amended judgment of commitment order which corrected his sentence to reflect a March 17, 2008 release date and instead kept him in custody until June 17, 2008.

Plaintiff seeks compensation in the amount of 1.5 million dollars for the three months that he was allegedly held past his sentence release date. Plaintiff's Complaint was signed by July 30, 2010 and was received by Clerk of the Court on August 10, 2010.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) (B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Citing its opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>id.</u> at 1948. The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>See</u> <u>id.</u> at 1949-50; <u>see</u> <u>also</u> <u>Twombly</u>, 505 U.S. at 555, & n. 3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

4

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

Because Plaintiff seeks to recover relief for the additional time that he was held in federal custody and makes claims against federal defendants, those claims may be cognizable under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

In Bivens, the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).

---

[1] This Court notes that Plaintiff has not named proper defendants in his Complaint.  If Plaintiff later makes a motion to reopen to file an amended complaint Plaintiff must at that time name proper parties.

5

However, even if some form of relief may be construed under Bivens, Plaintiff's Complaint appears to be time-barred as a two year limitations period applies to constitutional and federal statutory claim.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Jones v. Bock, 127 S.Ct. 910, 920-21 (2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). See also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir. 2007) ("district court may sua sponte dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(1) where it is apparent

from the complaint that the applicable limitations period has run") (citing Jones v. Bock, Pino v. Ryan) (not precedential); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).  The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007) (emphasis in original).

A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action."  Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994).  "Plaintiff'S actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the

7

claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

Here, Plaintiff alleges that he was held in custody for three months longer than the specified term as set forth in the amended judgment which corrected his sentence. He alleges that he should have been released on March 17, 2008 but in fact was not released until June 17, 2008. Plaintiff's Complaint was signed by Plaintiff on July 30, 2010 and was received by Clerk of the Court on August 10, 2010. Since the only wrong that

Plaintiff complains of is his extended incarceration, and that alleged wrong ceased on June 17, 2008, the two year limitations period had expired by the time that Plaintiff signed and submitted his Complaint.  As such, Plaintiff's Complaint is time-barred and fails to state a claim.

## V. CONCLUSION

The Complaint shall be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.

An appropriate order follows.


                                        s/Robert B. Kugler
                                        Robert B. Kugler
                                        United States District Judge

Dated: March 2, 2011